NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230936-U

NO. 4-23-0936

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 7, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| GUY LENN HAYES, | ) | No. 23CF708 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Daniel P. Dalton, |
| | ) | Judge Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Justice Steigmann concurred in the judgment.
Justice Lannerd specially concurred.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, concluding the trial court did not err in allowing the State to file a responding petition to deny pretrial release.

¶ 2     Defendant, Guy Lenn Hayes, appeals the trial court's order denying his pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 *et seq.* (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). For the following reasons, we affirm.

¶ 3                              I. BACKGROUND

¶ 4     On September 12, 2023, the State charged defendant by information with residential burglary (720 ILCS 5/19-3(a) (West 2022)) and aggravated battery to a person over 60 years of age (720 ILCS 5/12-3.05(d)(1) (West 2022)) based on an incident that occurred on August 19, 2023. At defendant's first court appearance on September 14, 2023, the trial court determined

there was probable cause that defendant committed the offenses and set defendant's monetary bail at $100,000, requiring the deposit of 10%. The court ordered defendant to have no contact with the alleged victim. Defendant did not post bond and remained in detention.

¶ 5     On September 22, 2023, defendant filed a motion for pretrial release, requesting the trial court to immediately release him on the conditions that he appear before the court as ordered, submit himself to the orders of the court, not violate any criminal statute, and surrender all firearms. On September 27, 2023, the State filed a verified petition to deny defendant pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)), as amended by the Act. The State alleged pretrial release should be denied because defendant's release posed a real and present threat to the safety of any person or persons in the community based on the qualifying offense of residential burglary (725 ILCS 5/110-6.1(a)(6)(Q) (West 2022)). Additional grounds upon which the State alleged defendant should be denied pretrial release, in both the petition and at the hearing, were as follows: "Looking at his criminal history, he has previously been convicted of Robbery 3 times, Burglary 2 times and sent to [the Illinois Department of Corrections (DOC)] 7 times. Clearly he cannot follow the law." In support of its petition, the State provided the following factual basis:

"On 8/19/23 [the Rock Island Police Department] was dispatched to the victim's home. He reports that when he arrived home there was a man, he recognized as 'Guy' in his home without permission. When he addressed 'Guy' he was attacked and beaten. It was learned he gained access to the house by cutting a screen on the front porch, and kicked the screen door out as he ran out of the house. The victim is over 60 years old, and suffered multiple injuries to his head, face, back, and neck. Police ask around who this 'Guy' is, and they learn it is Guy Hayes.

A photo lineup was conducted and the defendant was positively ID'd as the defendant known as 'Guy'."

¶ 6        On October 4, 2023, the trial court held a detention hearing. The State argued that (1) the residential burglary charge is a nonprobationable offense, (2) defendant is a real and present threat to the safety of any person or persons in the community, and (3) defendant has an extensive criminal history, including three robbery convictions and two burglary convictions. The State recited the factual basis from its motion.

¶ 7        Defendant argued that the State did not meet its burden of proof based on specific articulable facts of this case to show a real and present threat to the safety of any person or the community if he were granted pretrial release. Specifically, defendant argued the State did not proffer evidence of probable cause that defendant committed residential burglary with an intent to commit theft. Defendant highlighted the discrepancies in weight, height, and age between the alleged victim's physical description of the perpetrator and defendant's physical characteristics. Defendant also mentioned his score of 3 out of 14 on the pretrial risk assessment.

¶ 8        The trial court took judicial notice that defendant was sent to DOC in 2021 for a minimum of two years on a burglary charge. The court found that the State showed by clear and convincing evidence the defendant committed a qualifying offense. In addition, the court held that defendant posed a real and present threat to the safety of other persons since he "cannot seem to stop breaking the law, and, in particular, going in other people's homes or buildings or residences." The court reasoned that it could not "find any conditions it can set forth to protect the safety of the public at this time."

¶ 9        This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11    Defendant filed a timely notice of appeal challenging the trial court's denial of pretrial release. Defendant argues the Code does not allow the State to file a petition to deny release unless the petition is filed at the defendant's first appearance or upon the defendant's "arrest and release." In addition, defendant argues that counsel was ineffective for failing to move to strike the State's verified petition. Alternatively, defendant argues the court erred in finding the State proved by clear and convincing evidence he posed a safety threat if released and no conditions could mitigate that threat. Both the defendant and State filed memoranda with this court.

¶ 12    We find *People v. Jones*, 2023 IL App (4th) 230837, instructive. In *Jones*, the defendant argued, as defendant does here, that the State did not have statutory authority to file a responsive petition to deny pretrial release where a defendant remains in custody after being ordered released upon the posting of monetary bail. *Jones*, 2023 IL App (4th) 230837, ¶ 9. This court held that "the Code, as amended by the Act, allows the State to seek to modify pretrial release conditions, which includes filing a responding petition where the defendant moves for pretrial release." *Jones*, 2023 IL App (4th) 230837, ¶ 17 (citing 725 ILCS 5/110-6(g), (i), 110-6.1(a) (West 2022)).

¶ 13    Here, since the State was permitted to file a responding petition under the Code, our plain error analysis need not go further. *Jones*, 2023 IL App (4th) 230837, ¶ 24. There was no error in the trial court allowing the State to file a petition to deny pretrial release, let alone a clear or obvious error. Moreover, because the State was permitted to file a petition to deny pretrial release, we cannot say that defendant's counsel was ineffective for failing to move to strike that petition. "A defendant's trial attorney cannot be considered ineffective for failing to raise or pursue what would have been a meritless motion or objection." *People v. Pingelton*, 2022 IL 127680, ¶ 60.

¶ 14    Defendant's final argument is that the trial court erred by finding the State proved defendant was a threat and no conditions could mitigate that threat. In support of this argument, defendant's memorandum provides one sentence indicating he "stands on the arguments he made in the trial court." Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires argument in an appellant's brief to "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." "A party on appeal may not adopt by mere reference the arguments of his trial pleading." *In re Marriage of Dann*, 2012 IL App (2d) 100343, ¶ 9. "There is a well-established principle: A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research." (Internal quotation marks omitted.) *People v. Inman*, 2023 IL App (4th) 230864, ¶ 13. In this case, defendant forfeited his final argument by failing to flesh out an argument, cite any authority, or cite pages from the record.

¶ 15                         III. CONCLUSION

¶ 16    For the reasons stated, consistent with Illinois Supreme Court Rule 23(c)(7) (eff. Feb. 1, 2023), we affirm the trial court's judgment.

¶ 17    Affirmed.

¶ 18    JUSTICE LANNERD, specially concurring:

¶ 19    I agree with my esteemed colleagues that we should affirm the trial court's judgment denying defendant pretrial release. However, I write separately because I do not join in the majority's analysis contained in paragraphs 12 and 13 of the majority's decision.

¶ 20    Pursuant to section 110-7.5 of the Code (725 ILCS 5/110-7.5(b) (West 2022)), the State had the authority to respond to defendant's petition for pretrial release. See *People v.*

*Vingara*, 2023 IL App (5th) 230698, ¶ 22; *People v. Rios*, 2023 IL App (5th) 230724, ¶ 17. As a result, the trial court did not make a clear or obvious error by considering the State's petition. Because the State had the authority to respond to defendant's petition, defendant was not prejudiced by his trial counsel's failure to move to strike the State's filing.

¶ 21          I agree with the remainder of the majority's analysis.